## NEW YORK SUPERIOR COURT.

ANDREW LESTER and others, HENRY HENNEQUIN and others agt. ABBOTT, POLLOCK & COCHRAN, assignors, and JOHN STEWART and CORNELIUS FISKE, assignees.

An *assignment for the benefit of creditors*, which authorizes the assignees " to pay off all the debts due and owing by the said firm of Cochran & Pollock (the assignors), or the late firm of Abbott, Pollock & Cochran, or either of the members of said firms to Cornelius Fiske" (one of the assignees), is *fraudulent and void on its face*, as against the creditors of the assignors.

It is not material whether either of the assignors was or was not individually indebted to the assignee Fiske, at the time the assignment was made, for the assignment assumes that they were so indebted, and in effect directs him to be paid, without specifying any sum of indebtedness, and that too, in preference to the creditors of the firm or either of them, if the assignees so elect.

*Special Term, February*, 1865.

THE plaintiffs respectively recovered judgments against the firm of Abbott, Pollock & Cochran, and after the return of executions unsatisfied, commenced an action against the judgment debtors and their assignees, to set aside an assignment made by the firm of Pollock & Cochran (Abbott

having previously sold out his interest in the firm of which he was a member to the last mentioned firm) to John Stewart and Cornelius Fiske, assignees, for the benefit of creditors. The assignment, among other provisions, contained this clause : " To pay off all the debts due and owing by the said firm of Cochran & Pollock, or the late firm of Abbott, Pollock & Cochran, or either of the members of said firms to Cornelius Fiske."

C. BAINBRIDGE SMITH, *for plaintiffs.*
A. BOARDMAN, *for defendants.*

BARBOUR, J. An assignment for the benefit of creditors, which directs or authorizes such a disposition to be made of the property conveyed, or of its proceeds, as will if so carried into effect by the assignee, operate to deprive the assignors' creditors of their right to have such property applied to the payment of their claims, is proven by itself, and therefore, by evidence which is incontrovertible, to be fraudulent in fact, as against the creditors of the assignor. For the assignor must be held to have intended to do what he has done, and to have designed to defraud his creditors, if the assignment directs or permits it, and the evidence of such intention there found is conclusive, under well established rules of law, and cannot be contradicted by oral testimony. In my view, therefore, it is not material whether either of the three persons mentioned in the third direction, was or was not individually indebted to the assignee Fiske at the time the assignment was made, for that instrument assumes that they were so indebted, and directs him to be paid, and to be paid too, as I understand the effect of the direction, in preference to the creditors of the firm, or either of them, if the assignees should so elect.

But beyond this, the authority given to the assignees to pay Mr. Fiske, was not a direction to pay any specified

sums on account of such individual indebtedness, nor
expressly to pay to him such amounts as those persons owed
him at the time the assignment was made, as is usual in
deeds of assignment, but under the peculiar workings of
such third clause of the trust, I see no reason why Mr.
Fiske may not pay to himself out of the proceeds of the
property as they shall be received, any claims that may
then be due and owing to him by either Abbott, Pollock
or Cochran, individually.  So far as regards the direction
to pay the creditors of Pollock & Cochran, individually,
the assignment is unobjectionable as concerns the plaintiffs
here, for the property belonged to the firm of Pollock &
Cochran, and except for their legal obligation to apply the
partnership property to the payment of the creditors of
that firm, they had a perfect right to prefer their individual
creditors other than those to whom they were indebted as
members of the former firm of Abbott, Pollock & Cochran,
but they were legally bound to apply their property to the
payment of their own liabilities, including their indebted-
ness as members of the former firm, and had no right to
appropriate it to the payment of the individual debts of
Abbott, who had no interest in such property.  For these
reasons, I am of opinion that the assignment must be de-
clared invalid as to the plaintiffs here, and that they are
entitled substantially to the relief demanded in the com-
plaint.  The assignees, however, should be required only
to pay the plaintiffs' claim and the costs of this action out
of the assigned property or its proceeds, which was in their
hands or under their control at the commencement of this
action.

The pressure upon my time, because of the great amount
of business brought before the court at the February special
term, is such as to render it impossible for me to give my
views at length upon the question raised by the defendants'
counsel at the hearing, as to the effect of the judgment of
the common pleas and supreme court, in the action brought

by receiver Bostwick. I am satisfied, however, that those judgments do not constitute a bar to this action.